ARTHUR W. KUENZLI, Plaintiff and Appellant, *v.* JOSEPH SYMISTER, Defendant and Appellee, and FLOIRÁN ANGLERÓ ET UX., Defendants.

No. 5283. Argued November 21, 1930.—Decided May 11, 1932.

*A. Marín Marién* for appellant. *Adrián Agosto* for appellee.

MR. JUSTICE ALDREY delivered the opinion of the Court.

In a deed of October 5, 1927, Floirán Angleró and his wife acknowledged to owe Joseph Symister $336, and to secure the payment thereof they mortgaged in his favor a lot and house in Cataño. It does not appear from the record that such mortgage was recorded in the registry of property. Symister brought an action of debt in a municipal court against the debtors, and to secure the effectiveness of any judgment that might be rendered, he obtained an attachment of said property to cover the amount claimed, and said attachment was recorded in the registry, the property being subsequently sold in execution of the judgment and awarded to the plaintiff. In October, 1928, after said attachment had been recorded in the registry of property, another mortgage was constituted by the Angleró spouses on the same property, for $500, in favor of Arthur W. Kuenzli. While Kuenzli was

foreclosing his mortgage, he brought suit in the District Court of San Juan against Symister and the Angleró spouses, alleging as a first cause of action that Symister's attachment is invalid, as the same had not been notified to the Angleró spouses, and hence that it should be canceled in the registry. In another cause of action it was alleged that the judgment entered in favor of Symister was null and void, and similarly as to the sale and award of the property made in his favor.

In deciding the present suit to annul said proceedings, the district court entered a judgment sustaining the second cause of action and dismissing the first, without special imposition of costs, and Kuenzli took an appeal from this judgment as to the first cause of action.

The appellee Symister urges in his brief before us that we lack jurisdiction to decide the present appeal, as the lower court did not have jurisdiction to take cognizance of plaintiff's suit wherein the question at issue was as to the nullity of the attachment levied by Symister in his action to recover $336; an action the jurisdiction of which belongs to the municipal court by reason of the amount in controversy; and that Kuenzli's mortgage for $500 is not under discussion, and for that reason it does not determine the jurisdiction in this case.

The appellant has not discussed that question of jurisdiction in his brief or at the hearing of this appeal, at which he failed to appear.

In the action brought by Symister there was involved the recovery of $336 in a municipal court, but the question now in controversy, raised in the suit brought by Kuenzli, is as to whether or not the attachment levied on the property of the Angleró spouses, and recorded in the registry of property in favor of Mr. Symister, is null and void; and hence the value of the thing involved, and not the amount of the claim which gave rise to the attachment, should control the jurisdiction in

this case, in accordance with the decision in *Río* v. *Vázquez,* 17 P.R.R. 644, where we declared that a district court has. jurisdiction to try an action to dissolve an attachment when it appears that the property attached has a value greater than $500. It appears from the record in the instant case that two mortgages were constituted on the property involved: one for $336, in favor of Symister; and another in favor of Kuenzli, to secure the payment of $500 plus interest. thereon, and $75 for costs and attorney's fees, which shows that an amount in excess of $500 is involved. Therefore, the district court had jurisdiction to take cognizance of this action and, consequently, we have jurisdiction to entertain the present appeal.

The appellant in its first ground of appeal asserts that the lower court erred in dismissing the first cause of action. He fails to explain why he has reached that conclusion or why the same is warranted, as he should have done in order that the nature and importance of the error assigned might become apparent. Nevertheless, we judge from the argument that the assignment is based solely on the fact that notice of the attachment of the property recorded in the registry was not served on the defendant, as required by section 9 of the Act to secure the effectiveness of judgments.

The question of whether the attachment of real property, recorded in the registry in favor of Symister, should have been notified to the Angleró spouses, the owners of the property, is one which concerns only them and which they may waive, and the failure to serve such notice would not be a jurisdictional defect, but. a mere irregularity in the proceeding that can not be taken advantage of by other persons. Hence, we could, on that ground, affirm the judgment appealed from, in so far as it dismisses the first cause of action; but we shall not do so because we think that said notice was. not necessary in this case, as we shall presently show.

The Law of Civil Procedure governing up to 1902 the matter of attachments, provided by its section 1409 that if the property attached should be real property, the attachment should be limited to the issue of an order in duplicate directing the registrar to make the proper cautionary notice. Section 9 of the cited Act of 1902, on which the appellant relies for his claim that the attachment of the property recorded in the registry is null and void, and should be canceled for the failure to serve notice thereof on the owners, the Angleró spouses, reads as follows:

"The attachment and order prohibiting the alienation of real property shall be recorded in the registry of property, the court notifying the defendant thereof and warning him that he cannot alienate the property attached except at public auction and after notice shall have been given to the plaintiff to be present at the sale, the proceeds of such sale to be deposited subject to the order of the court; nor can the defendant alienate, in any case, the property on which a prohibition has been decreed. The alienation of any property in contravention of the provisions of this section, shall be deemed fraudulent for all civil and penal purposes and the persons guilty of such offense shall also be punished for contempt of court."

Reference has been made in various decisions of this Supreme Court to said section, in cases involving, not the question of the nullity of a recorded attachment of real property predicated on the failure to notify the owner, but other questions of a different character. Thus, in *Oliver* v. *The Registrar of Arecibo,* 22 P.R.R. 659, the only holding was that an attached property can be sold without resorting to a public sale, where the prohibition to alienate the same except at public auction does not appear from the registry, which prohibition requires that the owner of the attached property be specially notified. In *Rodríguez* v. *Dist. Court of San Juan,* 31 P.R.R. 659, the question to be decided was whether when crops are attached the marshal may appoint a custodian thereof, and it was held that in the case of harvested crops the appointment of a custodian is proper, but when growing

crops are involved judicial administration is necessary, although incidentally it was stated that when real property is attached, the function of the marshal is only to give written notice to the registrar of property, and to the defendant. In *Cosme* v. *Santi,* 37 P.R.R. 710, the question was whether in a personal action the court had acquired jurisdiction over the defendant, a nonresident, and it was held that the court had not, for even though an order had been issued by the marshal to the registrar for the purpose of recording the attachment of property belonging to the defendant, it did not appear that the attachment had been recorded, although it was also stated incidentally, in citing the aforesaid section 9, that an attachment cannot be considered as levied until it is recorded in the registry and notice thereof is given to the defendant. Similarly, in *Wenonah Military Academy* v. *Antonsanti,* 40 P.R.R. 251, the question was whether the court had jurisdiction over a nonresident defendant in a personal action, and it was declared that when the service of process by publication was made, the attachment had already been recorded in the registry, which record in itself constituted notice to all the world, and that the direct notice to the defendant, which the law requires without specifying how it shall be served, was lacking; but that the same had been mailed to the address of the defendant.

The act containing the said section 9 provides by its section 2 that the effectiveness of the judgment shall be secured in accordance with the rules prescribed in the statute, the first two of said rules being formulated thus:

"(*a*) If the obligation on which suit is brought be the delivery of a certain object or thing possessed by the defendant, or by a third person in the name of such defendant, said defendant, or third person, as the case may be shall be prohibited from alienating or encumbering the object or thing until judgment has been rendered.

"(*b*) If the obligation be the payment of any sum of money, the provisional remedy shall consist of the attachment of sufficient property of the debtor to cover the amount claimed."

According to this act, which is in force, the provisional remedy in the action of debt brought by Symister could only consist of the attachment of the property belonging to the defendant, without any prohibition against alienating the same, since plaintiff did not seek the delivery of any specific object; and hence such prohibition was not decreed and, consequently, none appears recorded in the registry. The notice to the defendant required by section 9 applies to the case where real property has been attached and the alienation thereof prohibited, the notice to the owner being necessary because he could not alienate such property except at public auction and after notice had been given to the plaintiff and the proceeds of the sale deposited in court, in default of which the alienation is to be deemed fraudulent and the guilty person may be punished for contempt. Said section does not refer to an attachment lacking such prohibition, because in such case the owner may alienate the attached realty without prejudice to the right of the person in whose name the notice has been entered as provided by section 71 of the Mortgage Law.

For the reasons stated, the notice required by section 9 of the Act to secure the effectiveness of judgments was not necessary in this case, and the judgment appealed from must be affirmed in so far as the same did not declare the attachment of the property to be null and void.

Mr. Justice Hutchison concurs in the result. Mr. Justice Córdova Dávila took no part in the decision of this case.